J-S25036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES PATTERSON | |
| Appellant | No. 1477 WDA 2015 |

Appeal from the PCRA Order August 31, 2015
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000088-2010

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 4, 2016**

Charles Patterson ("Appellant") appeals from the order dismissing his Petition to Vacate an Illegal Sentence Writ of Habeas Corpus, which the trial court treated as a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On February 7, 2011, Appellant pleaded guilty to persons not to possess firearms,[1] for which the trial court sentenced him to five (5) years' probation.  On June 11, 2013, the Jefferson County Adult Probation Department charged Appellant with multiple probation violations.[2]  Following

_____

[1] 18 Pa.C.S. § 6105(c)(2).

[2] Appellant's probation violations included failure to report, unauthorized change of residence, new criminal charges (a bad checks charge and charges of criminal trespass and criminal impersonation in New York State), failure to report loss of employment, unpermitted foreign travel, alcohol consumption,
*(Footnote Continued Next Page)*

J-S25036-16

Appellant's extradition and a revocation hearing conducted on July 17, 2013, the trial court revoked Appellant's probation and sentenced him to five (5) to ten (10) years' incarceration. Appellant filed a notice of appeal, and appointed counsel filed an **Anders**[3] brief. On April 24, 2014, this Court affirmed and granted counsel's petition to withdraw. **See Commonwealth v. Patterson**, 1364 WDA 2013 (unpublished memorandum).

On July 21, 2014, Appellant filed a PCRA petition that raised (1) a discretionary aspects of sentencing claim,[4] (2) an ineffective assistance of counsel claim based on an alleged failure of counsel to correct errors contained in the PSI report and an alleged failure to postpone sentencing hearing to allow Appellant to gather evidence for presentation at sentencing, and (3) a claim that the trial court violated the guilty plea agreement Appellant made with the Commonwealth by resentencing him.[5] The PCRA

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

failed urine drug screen, and failure to make payments towards fines, costs, and restitution.

[3] **Anders v. California**, 386 U.S. 738 (1967); **see also Commonwealth v. McClendon**, 434 A.2d 1185 (Pa.1981).

[4] Appellant characterized his claim as an illegal sentence claim, stating:

> 1. Illegal sentence – defendant was sentenced to a greater term than sentencing guidelines permit based on prior gravity score. Court used charges on defendants PSI report against him that he was never prosecuted for.

PCRA Petition, p. 3 (verbatim).

[5] Appellant articulated this claim as follows:
_(Footnote Continued Next Page)_

- 2 -

court appointed counsel, who filed a **Turner**[6]/**Finley**[7] no-merit letter on August 7, 2014.

On August 7, 2014, the PCRA court filed its notice of intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907.[8] On August 29, 2014, the PCRA court dismissed Appellant's PCRA petition. Appellant did not appeal.

On July 20, 2015, Appellant filed the instant Petition to Vacate an Illegal Sentence Writ of Habeas Corpus ("Petition to Vacate"), which alleged his sentence was illegal pursuant to **Alleyne v. United States**, __ U.S. __, 133 S.Ct. 2151 (2013), and its Pennsylvania progeny. **See generally** Petition to Vacate. On July 27, 2015, treating this filing as a second PCRA petition, the PCRA court filed a notice of intent to dismiss the Petition to Vacate without a hearing pursuant to Pa.R.Crim.P. 907. On August 31, 2015, the PCRA court dismissed the Petition to Vacate. Also on August 31,

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

> 3. Violation of plea – As on June 19, 2013 District Attorney said [Appellant's] charge carries maximum 3½-7 yrs Judge agreed and Accepted Then changed sentence at later date.

PCRA Petition, p. 3 (verbatim).

[6] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988).

[7] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (_en banc_).

[8] By separate order dated August 8, 2014, the PCRA court granted PCRA counsel's petition to withdraw and informed Appellant of his right to proceed _pro se_ or with privately-retained counsel.

2015, Appellant filed an amended PCRA petition, which the PCRA court denied in a September 1, 2015 Supplement to Order Dismissing PCRA Petition. Appellant filed a notice of appeal on September 21, 2015. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[9]

Appellant raises the following claims for our review:

1. Did the PCRA/Sentencing Court Err in deciding Appellant's Subsumed Post Conviction Relief Application failed to meet any of the exceptions to timeliness, thus dismissing the Application for Lack of Jurisdiction?

2. Did the PCRA/Sentencing Court Err in Changing the Appellant's Petition to Vacate an Illegal Sentence/Writ of Habeas Corpus to a Post Conviction Relief Application, thus making no remedy available? In Addition to the Court Violating the Appellant's Equal Protections Right?

3. Was all Prior Counsels Constitutionally Ineffective for Failing to investigate, object, raise, litigate claims and claim of newly discovered evidence?

Appellant's Brief, pp. 2-3 (verbatim).

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

_____

[9] The Commonwealth did not file a brief in this matter.

Initially, while Appellant styled his filing as a "Petition to Vacate an Illegal Sentence Writ of Habeas Corpus", the PCRA court treated it as a PCRA petition. As this Court has explained:

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; **Commonwealth v. Haun,** [] 32 A.3d 697 ([Pa.]2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* [**Commonwealth v.**] **Fahy**, [737 A.2d 214,] [] 223–224 [Pa.1999]; **Commonwealth v. Chester**, [] 733 A.2d 1242 ([Pa.]1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. **See Commonwealth v. Peterkin**, 722 A.2d 638 ([Pa.]1998); **see also Commonwealth v. Deaner**, 779 A.2d 578 (Pa.Super.2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

**Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa.Super.2013). Styling a petition as a habeas petition in lieu of a PCRA petition does not remove a petition from the subject matter of the PCRA, nor does it excuse a petitioner from complying with the PCRA's requirements. **See Commonwealth v. Breakiron**, 781 A.2d 94, 96 n.2 (Pa.2001) (notwithstanding captioning of petition, claims only cognizable to the extent they would be cognizable under the PCRA); **Commonwealth v. Peterkin**, 722 A.2d 638, 641 (Pa.1998) (PCRA subsumes habeas corpus and petitioner must abide by PCRA requirements).

Here, the PCRA was the proper vehicle under which Appellant could make his collateral challenge, not the habeas statute. Accordingly, the PCRA court properly treated Appellant's Petition to Vacate as a PCRA petition.

Next, because the Petition to Vacate was properly considered a PCRA petition, we must consider the timeliness of the petition. "It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.Super.2013); 42 Pa.C.S. § 9545(b)(1). "This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." *Hernandez*, 79 A.3d at 651 (*citing* *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa.2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, a facially untimely petition may be received where any of the PCRA's three limited exceptions to the time for filing the petition are met. *Hernandez*, 79 A.3d at 651 (footnote omitted). These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).   As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies.  ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa.2008), *cert. denied*, 555 U.S. 916 (2008).  Further,

> [a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).   In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

***Hernandez***, 79 A.3d at 651-652 (internal quotations omitted).

Here, the trial court resentenced Appellant following his probation violations on July 17, 2013.  This Court affirmed Appellant's judgment of sentence on April 24, 2014.  Because Appellant did not file a petition for allowance of appeal to our Supreme Court, his sentence became final 30 days later, on May 24, 2014.  Appellant had until May 26, 2015[10] to timely file a PCRA petition.  Appellant filed his Petition to Vacate on July 20, 2015, nearly two months after the expiration of the limitations period.  To

_____

[10] May 24, 2015 fell on a Sunday.  The following Monday, May 26, was Memorial Day, a national holiday.  Accordingly, Appellant had until the following Tuesday, May 26, 2015, to timely file a PCRA petition.

overcome the PCRA time-bar, Appellant argues that *Alleyne* applies retroactively to cases on collateral review. This argument is unconvincing.

In *Alleyne*, the Supreme Court of the United States held that the Due Process Clause of the Constitution of the United States requires each factor that increases a mandatory minimum sentence to be submitted to a jury and found beyond a reasonable doubt. *Alleyne,* 133 S.Ct. at 2163. Based upon *Alleyne*, this Court stated in dicta in *Commonwealth v. Watley* that sections 7508 and 9712.1 of the Sentencing Code are unconstitutional insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard for factors other than a prior conviction. *Commonwealth v. Watley*, 81 A.3d 108, 177 n.4 (Pa.Super.2013) (*en banc*), appeal denied, 95 A.3d 277 (Pa.2014).

Following *Alleyne*, this Court then held that the preponderance of evidence standard employed by the "proof at sentencing" section of multiple mandatory minimum statutes was unconstitutional and non-severable, and rendered the statutes themselves unconstitutional. *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super.2014) (*en banc*) (section 9712.1 unconstitutional under *Alleyne* and statute's "proof at sentencing" subsection not severable); *see also Commonwealth v. Wolfe*, 106 A.3d 800, 801 (Pa.Super.2014) (same as to section 9718). The Supreme Court of Pennsylvania then employed the same reasoning to affirm this Court's determination that certain mandatory minimum sentencing statutes were unconstitutional. *See Commonwealth v. Hopkins*, 117 A.3d 247, 249 (Pa.

2015) (18 Pa.C.S. § 6317 unconstitutional under **Alleyne** and unconstitutional provisions not severable).

The instant case does not involve a mandatory minimum sentencing statute, and so does not implicate **Alleyne**. As the PCRA court explained:

On February 7, 2011, [Appellant] pled guilty to one count of [p]ossession of a [f]irearm, a Felony 2 offense. There was no mandatory minimum applicable to that crime. Accordingly, none was sought and none was imposed. Nor was it applicable, sought, or imposed when the [c]ourt resentenced him on July 17, 2013. Rather, what the [c]ourt did was impose the maximum sentence for a second-degree felony – an available sentencing alternative after it revoked his probation. **See** 42 Pa.C.S.[] § 9771(b) ("Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing").

Notice of Intention to Dismiss PCRA Petition, July 27, 2015 ("Rule 907 Notice"),[11] pp. 1-2.

Because the trial court did not sentence Appellant to a mandatory minimum sentence, the PCRA court properly determined (1) **Alleyne** was irrelevant to Appellant's claim, and (2) that Appellant's petition was time-barred because he did not plead and prove an exception to the PCRA's timeliness requirement. **See** Rule 907 Notice, p. 2. Accordingly, we affirm the PCRA court's order dismissing Appellant's Petition to Vacate.

_____

[11] The PCRA court's order dismissing Appellant's Petition to Vacate incorporates by reference its Rule 907 Notice, which the court explained articulated its reasons for denying Appellant's Petition to Vacate. **See** Order Dismissing PCRA Petition, August 31, 2015, p. 1.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/4/2016